HARRY WOLSTENHOLME, III, Plaintiff-Appellant, *v.* COMMONWEALTH EDISON COMPANY *et al.*, Defendants-Appellees.

Third District    No. 81-441

Opinion filed March 16, 1982.

Richard D. Price, Jr., of Cassidy, Cassidy, Mueller & Price, of Peoria, for appellant.

Richard E. Quinn and Carl R. Draper, both of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellee Babcock & Wilcox Company.

Eugene L. White and David J. Dubicki, both of Kavanagh, Scully, Sudow, White & Frederick, P. C., of Peoria, for appellee Commonwealth Edison Company.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Harry Wolstenholme III, in a subrogation action to recover sums of money payable to him and 35 other plaintiffs by their employer under the Illinois Workers' Compensation Act, attempted to amend the complaint to include a cause of action against defendants, Commonwealth Edison Company and the Babcock & Wilcox Company, for his own personal injuries. The circuit court of Tazewell County denied leave to amend on the basis of the statute of limitations bar in section 14 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 15).

On December 27, 1979, 36 employees of Dedelow Construction, Inc., filed a subrogation action for the use of their employer pursuant to Section 5 of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b)), in order to recover sums payable to them by Dedelow

under the Workers' Compensation Act for injuries incurred on December 28, 1977. The individual plaintiffs themselves did not pray for the recovery of damages above and beyond the amounts which were payable to them under the Workers' Compensation Act.

On June 19, 1981, plaintiff, Wolstenholme, filed a "Motion to Sever and for Leave to File Amended Complaint Instanter" in order to seek recovery from the defendants for his own personal injuries, separate and apart from the subrogation action. On July 9, 1981, the trial court denied Wolstenholme's motion, finding that the statute of limitations (Ill. Rev. Stat. 1979, ch. 83, par. 15), barred his claim for personal injuries, because under the provisions of section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(2)) his cause of action did not relate back to the time the subrogation action was originally filed. The trial court then found that there was no just reason for delaying enforcement or appeal pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)).

Subsequently, the subrogation action as to all the plaintiffs was settled and dismissed with prejudice; however, the trial court's order included the proviso that the personal rights of Wolstenholme would not be prejudiced thereby.

The issue of law presented for our review is whether Wolstenholme's amended complaint to include his personal cause of action for injuries sustained relates back to the time of the originally filed subrogation action for purposes of the statute of limitations.

In *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 122 N.E.2d 540, the supreme court was faced with this same relation-back issue. In that case, an injured employee attempted to amend the complaint in his employer's subrogation action under the Illinois Workman's Compensation Act more than four years after the date of his accident, in order to be made a party plaintiff and claim common law damages against the defendant tortfeasor. The court, in holding that the employee's cause of action was not barred by the statute of limitations, found that the causes of action asserted in the original complaint and in the amended complaint, grew out of the same transaction or occurrence and, therefore, under section 46 of the Civil Practice Act (Ill. Rev. Stat. 1953, ch. 110, par. 170, now Ill. Rev. Stat. 1979, ch. 110, par. 46), the amended complaint related back to the time the original complaint had been filed.

In the case before us, Wolstenholme was a party to the originally filed subrogation action, and his proffered amended cause of action grew out of the same occurrence as his employer's subrogation action, namely the incident on December 28, 1977, which resulted in injuries to Wolstenholme and the remaining 35 plaintiffs. Here, as in *Geneva Construction*

*Co.*, it cannot be said that the defendants were prejudiced by the amendment, which merely requested additional damages arising from an occurrence fully disclosed in the original complaint. Therefore, the basic objectives of the statute of limitations (Ill. Rev. Stat. 1979, ch. 83, par. 15), and the relation-back provisions of section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(2), were met in that the defendants were afforded a fair opportunity to investigate the claim against them while the information relating thereto was still available.

Applying the test in section 46(2) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(2)), because Wolstenholme's amended pleading grew out of the same transaction or occurrence as the original pleading, the amended pleading is not barred by the statute of limitations period in section 14 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 15). Both parties concede the *Geneva Construction Co.* case was not called to the attention of the trial court. Consequently, the court was not afforded the opportunity of applying or following the rules of that case.

For the above stated reasons, the judgment of the trial court is reversed and the case is remanded for proceedings consistent with the opinions expressed herein.

Reversed and remanded.

BARRY, P. J., and SCOTT, J., concur.